IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILSON SPORTING GOODS CO.,<br> a Delaware Corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No.     19-6038 |
| v. | ) <br> ) <br> ) | Judge |
| FORSAKE, INC<br> a Delaware Corporation, | ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Wilson Sporting Goods Co., ("Wilson Co."), avers as follows based upon personal information for its Complaint:

## NATURE OF PROCEEDINGS

1. This a civil action brought by Wilson Co. against defendant Forsake, Inc. ("Forsake") seeking damages, injunctive relief and other relief as a result of Forsake's: (a) willful trademark infringement and false advertising in violation of 15 U.S.C. §§1114, 1117 and 1125; (b) unfair competition arising under the laws of the State of Illinois; (c) willful, false and deceptive trade practices under the Lanham Act and the laws of the State of Illinois; and (d) violation of Illinois common law protection against unfair competition.

## PARTIES

2. Plaintiff, Wilson Co. is a Delaware Corporation with its principal place of business at 130 East Randolph, Suite 600, Chicago, IL 60601. Wilson Co. manufactures, markets, distributes and sells sporting good products and accessories including, shoes, to consumers, distributors, wholesalers, and retailers throughout the United States.

3. Defendant Forsake, Inc. is a Delaware Corporation with its principal place of business at 119 Braintree St., Suite 414, Boston, MA 02134. Forsake manufactures, markets, distributes, and sells shoes (which includes boots), and gear, and competes directly with Wilson Co. in such manufacturing, marketing, distribution, and sales.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121, in pursuant to 28 U.S.C. §§1331 and 1338. This Court has jurisdiction over Wilson Co.'s state law claims pursuant to 28 U.S.C. §1367 and the Doctrine of Supplemental Jurisdiction. Venue is proper in this Court 28 U.S.C. §§1391(b) and (c).

5. This Court has personal jurisdiction over Forsake because the claims arise out of the transaction of business and other activities committed by Forsake within this District and elsewhere.

## FACTS GIVING RISE TO CLAIMS

6. Since 1981, Wilson Co. has been a Delaware corporation with its principal place of business in or near Chicago, Illinois. Wilson Co. manufactures and sells sporting goods, equipment, and shoes mostly to dealers and re-sellers, but also directly to consumers. Wilson Co.'s sales include large retailers such as Amazon, as well as regional and local sporting goods stores and pro shops.

7. Wilson Co. enjoys a sterling reputation among its customers and the millions of

people who purchase and use Wilson Co. products.

8. Wilson Co. has invested considerable resources developing and promoting the WILSON® trademarks.

9. As a result of its extensive use, Wilson Co. has acquired substantial goodwill, fame and recognition in the WILSON® trademarks, and has obtained hundreds of trademarks worldwide including U.S. Trademark Registration Nos. 1,553,005, 1,559,821, and 3,548,830. See Exhibits A, B, and C, respectively.

10. The WILSON® trademark is instantly recognizable, and Wilson Co. shoes enjoy broad public recognition for superior quality. An example of a genuine Wilson Co. brand shoe is shown below, displaying a WILSON® trademark:



https://www.wilson.com/en-us/tennis/shoes/mens/amplifeel-black-tennis-shoe, August 20, 2019.

11. It is well known that the WILSON® trademark is part of Wilson Co. Purchasers associate the WILSON® trademarks with Wilson Co.

3

12. Wilson Co. recently learned that Forsake launched a nationwide campaign through multiple sources, including at www.forsake.com, to market, distribute, and sell a shoe Forsake named "Wilson." The Forsake.com home page even features its "Wilson" shoe on the website's opening page:



www.forsake.com, August 15, 2019.

13. In addition, Forsake has used a hyperlink button titled "SHOP WILSON" in order to deceive consumers into thinking they are getting genuine Wilson Co. products when in fact no genuine Wilson Co. products are available from Forsake.

14. Forsake's infringing use of the WILSON® trademarks in the sale of its "Wilson" model shoes was specifically targeted at Wilson Co.'s valuable and exclusive trademarks. Forsake's conduct is willful and intentionally deceives consumers into believing that the Forsake shoe is a product made or sold by Wilson Co. Forsake's own website demonstrates that consumers believe that the Forsake "Wilson" shoe was made and sold by Wilson Co. The

comment section of the Forsake's webpage where the "Wilson" shoe is advertised and sold includes a consumer comment stating that:

> "These work boots are such good quality!! Very well made and comfortable!! Worked perfect for my dad! **Definitely a good brand! <u>I did not know that's [sic] Wilson made work boots.</u>** So happy I received this project. **I will definitely be purchasing from this brand in the future!**" (Emphasis added.)

This comment was posted on or about August 11, 2019 (hereafter "Website Comment").



https://forsake.com/collections/men/products/mens-wilson?campaignid=876920324&adgroupid =79437739129&creative=377590335335&gclid=CjwKCAjwtO7qBRBQEiwAl5WC297KkX- ueKzCTlbDgcMRmx2JezakSYSC2GoH4ZtuDAYtnUB5quo4aRoCDrQQAvD_BwE, August 15, 2019. See also Exhibit D for the complete webpage collection.

15. Forsake's intentional infringement is further underscored by the fact that as of September 4, 2019, the above "AMAZING" Website Comment that proves actual confusion was removed from Forsake's "Wilson" shoe webpage, but all of the other references to WILSON® trademarks remain. Forsake's knowledge of actual confusion is irrefutable.

16. Forsake's "Wilson" shoe webpages have had six (6) separate instances of infringing uses of the WILSON® trademarks. See Exhibit D.

17. As demonstrated above, Forsake's infringing use of the WILSON® trademarks in the sale of shoes damages Wilson Co.'s relationship with its customers and in the marketplace.

18. Foresake's infringing use of the WILSON® trademark in the sale of shoes causes confusion over sponsorship and dilutes the value of Wilson Co.'s valuable, exclusive trademarks.

19. Upon information and belief, Forsake knowingly and intentionally infringed upon and interfered with Wilson Co.'s exclusive trademark rights or acted with complete and willful disregard to Wilson Co.'s trademark rights.

20. On September 3, 2019, a Forsake brand shoe, infringing the "Wilson" mark, was purchased from a REI store in Chicago, IL. A copy of the receipt for the infringing shoes is attached hereto as Exhibit E.

## **COUNT I**
**(Federal Trademark Infringement and False Advertising)**

21. Wilson Co. hereby incorporates each and every averment set forth in paragraphs 1 – 20 above, as though fully set forth herein.

22. The promotion, marketing and sale by Defendant Forsake of its "Wilson" model shoes is likely to cause confusion, and to mislead the trade and public into believing that Forsake's products and services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiff Wilson Co.

23. The Website Comment on Forsake's own website demonstrates that the promotion, marketing, and sale by Defendant Forsake of its "Wilson" model shoes has already caused actual confusion, and has already mislead the public into believing that Forsake's

products and services originate from, are affiliated with, and are sponsored, authorized, approved, or sanctioned by Plaintiff Wilson Co. when they are not.

24. Forsake's use of the WILSON® trademarks, image and likeness in interstate commercial advertising, promotion, and sales, represents the nature, characteristics, and/or qualities of Forsake's infringing "Wilson" shoes.

25. Forsake's activities constitute false designation of origin, sponsorship, and approval, false descriptions and representations and false advertising in commerce in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a). Forsake's false and misleading designation of origin and infringement of the WILSON® trademark is material and likely to influence the consumer's purchasing decision.

26. Forsake's actions have deceived or has the capacity to deceive a substantial segment of potential customers and has unjustly enriched Forsake to Wilson Co.'s damage. Wilson Co. is entitled to an award of damages to recover (1) Forsake's profits, (2) all damages sustained by Wilson Co., and (3) the costs of this action, and enhanced damages pursuant to 15 U.S.C. §1117.

27. Forsake's acts have caused and will continue irreparable injury to Wilson Co.'s good will and property rights.

28. Forsake knew or should have known that the WILSON® trademark, which is publicly registered, is exclusively owned by Wilson Co., and that Forsake had no legal right to use the WILSON® trademarks on Forsake's infringing shoes or in Forsake's advertising. Forsake has engaged and has continued to engage in, the alleged activities knowingly, willfully and deliberately so as to justify the assessment of exemplary and punitive damages and an award of Wilson Co.'s attorney's fees against Forsake.

29. As of at least the date of the Website Comment made on Forsake's own website on or about August 10, 2019, Forsake had full knowledge that its "Wilson" model shoes had already caused actual confusion, and has already mislead the public into believing that Forsake's products and services originate from, are affiliated with, and are sponsored, authorized, approved or sanctioned by Plaintiff Wilson Co. The fact that Forsake subsequently removed the comment makes this conclusion indisputable.

## COUNT II
### (Illinois Unfair Competition)

30. Wilson Co. hereby incorporates each and every averment set forth in paragraphs 1 – 29 above, as though fully set forth herein.

31. Forsake has used the infringing "Wilson" shoes with the intent of deceiving and misleading the public. The infringing acts of Forsake are likely to cause injury to Wilson Co.'s business reputation resulting from the confusion, mistake and deception caused by Forsake's acts. Forsake's actions therefore constitute unfair competition and infringement in violation of 765 ILCS 1036/60.

32. The actions and conduct of Forsake have been, are and will continue to be willful and deliberate, and were committed with knowledge that the use of the WILSON® trademarks would cause confusion, mistake or would deceive the trade and public.

33. The actions and conduct of Forsake have caused, and unless restrained and enjoined by this Court, will continue irreparable damage, loss and injury to Wilson unless Forsake's actions are preliminarily and thereafter permanently enjoined.

34. Wilson has no adequate remedy at law.

35. The actions and conduct of Forsake have injured Wilson in an amount to be determined at trial.

## COUNT III
### (Illinois Uniform Deceptive Trade Practices)

36. Wilson Co. hereby incorporates each and every averment set forth in paragraphs 1 – 35 above, as though fully set forth herein.

37. Forsake's actions and conduct constitute willful and deceptive acts or practices against Wilson Co. in the conduct of its business through false and misleading statements in commercial advertising, promotion, and sale, which misrepresents the nature, characteristics, or qualities of the goods and services associated Forsake's infringing "Wilson" shoes and Wilson Co.'s trademark rights.

38. In addition, Forsake causing confusion as to the source, sponsorship, approval, connection, association with or certification by Wilson Co. through Forsake's unauthorized use of the WILSON® trademarks, all with the intention and knowledge that Forsake was trading upon the goodwill established by Wilson Co. in violation of 815 ILCS 510/2 *et seq.*

39. The actions and conduct of Forsake have been willful and deliberate.

40. The actions and conduct of Forsake have proximately caused, and unless restrained by this Court, will continue to cause actual damages and irreparable loss and injury to Wilson Co..

41. The actions and conduct of Forsake has injured Wilson in an amount of actual damages to be determined at trial.

42. Wilson Co. is entitled to a preliminary, and thereafter a permanent injunction prohibiting Forsake from continuing willful, false and deceptive trade practices.

## COUNT IV
### (Common Law Unfair Competition)

43. Wilson Co. hereby incorporates each and every averment set forth in paragraphs 1

– 42 above, as though fully set forth herein.

44. Forsake has violated the common law of Illinois by engaging in unfair competition with Wilson Co. through the marketing, promoting, offering, and sale of the infringing "Wilson" shoes, done with the intent of trading upon the goodwill established by Wilson Co. in its use of the WILSON® trademarks products, including shoes. Forsake has misappropriated the benefits of Wilson CO.'s substantial efforts and money expended by Wilson Co. in establishing its trademark rights.

45. The actions and conduct of Forsake have been willful and deliberate.

46. The actions and conduct of Forsake have proximately caused Wilson Co. irreparable injury, and unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Wilson Co.

47. The actions and conduct of Forsake have injured Wilson Co. and proximately caused damages in an amount to be determined at trial.

## **DEMAND FOR RELIEF**

WHEREFORE, in accordance with the foregoing averments, and as a result of the illegal conduct of Forsake as set forth here and above in the Complaint, Plaintiff Wilson Sporting Goods Co. respectively demands:

 A. Judgment in Wilson Co.'s favor and against Forsake on Counts I – VII.

 B. Judgment that Wilson Co. has the exclusive license rights to the WILSON® trademarks in connection with marketing, promotion, offering for sale or sale of products including shoes and boots.

 C. Judgment that Forsake, as a result of its unauthorized use of the WILSON® trademarks by Forsake's infringing shoes has:

1. Committed trademark infringement and false advertising in violation of 15 U.S.C. §§ 1114, 1117 and 1125;

2. Engaged in unfair competition and infringement in violation of Illinois law 765 ILCS 1036/60 and has otherwise engaged in unfair competition under the common law; and

3. Engaged in willful, false and deceptive trade practices in violation of Illinois Law, 815 ILCS 510/2;

D. The court issue preliminary and permanent injunctions prohibiting Forsake, its officers, directors, agents, principals, divisions, sales representatives, employees, associates, subsidiaries, affiliates, distributors, wholesalers, retailers, attorneys, successors and assigns, and all persons acting by, through or in concert directly or indirectly with Forsake or by any of them from using the WILSON® trademarks, or any confusingly similarity thereof, in any manner with the marketing, promoting, advertising, offering or sale of shoes or other products in the United States or elsewhere, and from otherwise infringing Wilson Co.'s trademark rights, and from otherwise unfairly competing with Wilson Co.;

E. An order requiring Forsake to deliver to Wilson Co. for destruction or other disposition within 30 days of the entry of judgment herein, any and all goods, advertising and promotional material and all other materials of any kind or nature bearing the name, likeness or image the WILSON® trademarks, whether such goods are in Forsake's direct possession or custody or within the control of Forsake or any person or entity in concert with or participating with Forsake, including Forsake's officers, directors, agents, principals, divisions, sales representatives, employees, associates, subsidiaries, affiliates, distributors, wholesalers, retailers, attorneys, successors and assigns.

F. An order requiring Forsake to file with the court, and serve upon counsel for Wilson Co. within 30 days after the entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. §1116, providing in detail the manner and form in which Forsake has complied with the respective injunctions issued by the Court;

G. An order for the accounting of all sales, revenues, gains and advantages derived by Forsake from sale of the infringing "Wilson" shoes and that such amounts be trebled as provided by law and rendered to Wilson Co. as a result of the willful and deliberate nature of Forsake's actions;

H. An order requiring Forsake to pay Wilson Co. actual damages, statutory damages, enhanced damages and punitive damages in light of the willful, deliberate and wanton nature of Forsake's actions and conduct;

I. The court award to Wilson Co. its attorney's fees, costs and disbursements herein as this is an exceptional case in light of Forsake's intentional, willful and wanton actions and conduct;

J. The court award such other additional relief as it deems just and proper.

Dated September 9, 2019      /s/ Jeffery A. Key_____
                             Key and Associates
                             Jeffery A. Key (ARDC No. 6269206)
                             77 W. Wacker Dr., Suite 4500
                             Chicago, IL 60601
                             Phone: (312) 560-2148

                             Attorneys for Wilson Sporting Goods Co.

## JURY DEMAND

**Plaintiff Wilson Sporting Goods Co. hereby demands a trial by the maximum number of jurors permitted by law.**
                             /s/ Jeffery A. Key_____
                             One of the Attorneys for
                             Wilson Sporting Goods Co.